# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-00963-COA

| | |
|---|---|
| **JAMES E. FULLER, JR.** | **APPELLANT** |
| v. | |
| **RACHEL WEIDNER** | **APPELLEE** |

| | |
|---|---|
| DATE OF JUDGMENT: | 05/07/2013 |
| TRIAL JUDGE: | HON. SANFORD R. STECKLER |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM CARL MILLER |
| ATTORNEY FOR APPELLEE: | SUZANNE BAKER STEELE |
| NATURE OF THE CASE: | CIVIL - CUSTODY |
| TRIAL COURT DISPOSITION: | TERMINATED FATHER'S PARENTAL RIGHTS |
| DISPOSITION: | AFFIRMED - 09/16/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**LEE, C.J., FOR THE COURT:**

¶1.     In this appeal, we must determine whether the chancellor erred in terminating the father's parental rights. Finding no error, we affirm.

## PROCEDURAL HISTORY

¶2.     James E. Fuller Jr. and Rachel Weidner are the parents of Remmy Fuller, born February 13, 2009. Fuller and Weidner had a tumultuous relationship, which ended when Remmy was approximately fourteen months old. On April 23, 2010, an order to renew and extend a temporary domestic-abuse protective order was entered in the Jackson County Justice Court. This order extended a prior temporary domestic-abuse protective order dated

April 14, 2010,[1] for one month, and ordered Fuller to have "no contact involving the child until [the] chancery court establishes custody."

¶3. On April 27, 2010, the Harrison County Chancery Court entered a judgment for support and other relief pursuant to a Department of Human Services action to establish child support for Remmy. The chancellor set child support and entered a separate withholding order for the payments. Fuller was also assessed past-due child support.

¶4. On May 22, 2012, Weidner filed an action in the Harrison County Chancery Court to terminate Fuller's parental rights. She filed an amended action on July 3, 2012. After two continuances, a hearing was held on April 16, 2013.[2] During this time, a guardian ad litem was appointed to assess the situation and make a recommendation. The chancellor determined that Fuller had abandoned Remmy and entered an order terminating his parental rights.

¶5. Fuller now appeals, asserting the chancellor erred by (1) misapplying the law, and (2) finding Fuller abandoned his daughter.

## STANDARD OF REVIEW

¶6. Our appellate review of a chancellor's decision to terminate parental rights is limited to a review of the chancellor's findings of fact under the manifest-error/substantial-credible-evidence test. *S.N.C. v. J.R.D.*, 755 So. 2d 1077, 1080 (¶7) (Miss. 2000) (quotation marks omitted). "[W]e look for whether credible proof exists to support the chancellor's finding of fact by clear and convincing evidence, keeping in mind the best interest of the child is the

---

[1] This order is not included in the record.

[2] Fuller was represented by counsel during these proceedings.

2

paramount consideration." *In re K.D.G. II*, 68 So. 3d 748, 751 (¶12) (Miss. Ct. App. 2011) (internal quotation marks and citations omitted). Questions of law are reviewed de novo. *S.N.C.*, 755 So. 2d at 1080 (¶7).

## DISCUSSION

### I. MISAPPLICATION OF LAW

### II. CLEAR AND CONVINCING EVIDENCE OF ABANDONMENT

¶7. Fuller acknowledges his two issues are intertwined and addresses both together. So do we. Mississippi Code Annotated section 93-15-103 (Rev. 2013) lists several grounds for the termination of parental rights. Sections 93-15-103(3)(b) and (f) allow for the termination of parental rights if:

> (b) A parent has made no contact with a child under the age of three (3) for six (6) months or a child three (3) years of age or older for a period of one (1) year; or
>
> . . . .
>
> (f) When there is an extreme and deep-seated antipathy by the child toward the parent or when there is some other substantial erosion of the relationship between the parent and child which was caused at least in part by the parent's serious neglect, abuse, prolonged and unreasonable absence, unreasonable failure to visit or communicate, or prolonged imprisonment . . . .

In this instance, the chancellor determined that Fuller had not contacted Remmy "for more than the six (6) months mandated by statute." Fuller contends the chancellor misapplied the law because Remmy was three at the time Weidner filed the termination action; thus, the applicable time period should have been one year. However, the chancellor specifically found Fuller had not seen Remmy since April 2010, and had not attempted to establish any visitation with her. At the time of the hearing in April 2013, Fuller had not seen his daughter

3

in three years.

¶8. Fuller admits he has not seen Remmy since April 2010, but states he was under the mistaken belief that he was not allowed to contact her until the chancery court established custody as required by the restraining order. Fuller acknowledges he did try to contact Weidner after the restraining order had expired but was unable to reach her and did not attempt to contact her directly again, even though he knew where Weidner and Remmy were living.

¶9. The chancellor further determined that Fuller had failed to pay any child support for approximately two years, and only began to pay once Weidner filed her termination action. We do recognize that "[f]ailure to pay child support without more is insufficient predicate for a finding of abandonment." *Carter v. Taylor*, 611 So. 2d 874, 877 (Miss. 1992). We reiterate that at the time Weidner filed the termination action, Fuller had not seen Remmy in two years nor made any serious efforts to do so. "A finding of substantial erosion of the parent/child relationship necessarily involves a consideration of the relationship as it existed when the termination proceedings were initiated." *G.Q.A. v. Harrison Cnty. Dep't of Human Res.*, 771 So. 2d 331, 338 (¶29) (Miss. 2000). A substantial erosion can be proved by showing a prolonged absence and lack of communication between the parent and the child. *Ainsworth v. Natural Father*, 414 So. 2d 417, 420 (Miss. 1982). In a similar case, this Court affirmed the chancellor's decision to terminate a father's parental rights since the father had admittedly not seen his child in two years and only started paying child support after the termination action was filed. *R.L. v. G.F.*, 973 So. 2d 322, 324-25 (¶¶8-10) (Miss. Ct. App. 2008).

4

¶10. Upon review of the record, we find credible proof supports the chancellor's decision to terminate Fuller's parental rights. This issue is without merit.

¶11. **THE JUDGMENT OF THE HARRISON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**